James Lee THOMAS *v.* STATE of Arkansas

CR 88-150                                         776 S.W.2d 821

Supreme Court of Arkansas
Opinion delivered October 2, 1989

*John W. Patton IV* and *William F. Magee*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. James Lee Thomas was convicted of capital murder and sentenced to life in prison without parole. The only issue raised is whether the state failed to disclose favorable evidence to the defense. The undisclosed statement made by the victim was not exculpatory. In fact, it was incriminating.

Thomas and Huey Carnell White robbed Hamilton's AG store in Stamps, Arkansas, and brutally beat Mrs. Delores Cockerham, a store clerk. She died a few days later. Thomas admitted he hit Mrs. Cockerham twice with the pistol he used in the robbery, once in the mouth and once on the head. Lori LeMay, another clerk, testified that she saw Thomas hit Mrs. Cockerham in the face and heard her hit seven or eight more times.

Dr. Fahmy Malak, the State Medical Examiner, testified that Mrs. Cockerham received eight blows to the head, all consistent with the use of a blunt instrument which could have been either the pistol carried by Thomas or White. Five of the blows were serious and potentially fatal.

Thomas' defense was that he did not intend to kill anyone during the robbery. He said his gun did not have any bullets in it. The appellant confessed to hitting Mrs. Cockerham in the head with his pistol twice and testified at trial that he hit her and that he

saw White hit her once.

After Thomas' conviction, he filed a motion for a new trial based on the failure of the state to disclose a statement Mrs. Cockerham made to her husband at the hospital. She said "Carnell hit me," then "they hit me." The trial judge held the statement was not exculpatory, and we agree. The failure of the prosecution to disclose evidence favorable to the accused, which has been duly requested, is a denial of a defendant's right to due process of law. *Brady* v. *Maryland*, 373 U.S. 83 (1963). The evidence is material only if it has a reasonable probability of producing a different result. *Pennsylvania* v. *Ritchie*, 480 U.S. 39 (1987).

Thomas admitted that he struck Mrs. Cockerham hard enough to knock her down, but he argues that it was White's blows that killed her. A person may be convicted of capital murder even though an accomplice commits the actual murder. *See Hallman* v. *State*, 264 Ark. 900, 575 S.W.2d 688 (1979); Ark. Code Ann. § 5-10-101(a)(1) (Supp. 1987).

No question is raised on appeal regarding several gruesome photographs. We have reviewed them along with the testimony and conclude the trial court did not err in allowing the photographs introduced. *See Walton* v. *State*, 279 Ark. 193, 650 S.W.2d 231 (1983); *Fairchild* v. *State*, 284 Ark. 289, 681 S.W.2d 380 (1984).

We have considered all other possible errors and find none. Supreme Court Rule 11(f).

Affirmed.